Thomson, J.,
delivered the opinion of the court.
The only ruling of the court complained of here is the final ruling in giving defendant judgment. Appellant claims that upon the evidence the judgment should have been in his favor. Beck, the appellee, was indebted to Kitzinger & Co., merchants at St. Louis, Missouri, in the sum of 1855.85, on account of merchandise purchased by him. Kitzinger & Co. owed B. Hysinger, of the same city, something over $6,000, for money borrowed on different occasions, for which they *207 had given their notes, which had been renewed from time to time; and finally, on October 10,1890, to secure the payment of these notes, Kitzinger & Co. assigned to Hysinger accounts due them to the amount of about $6,900, and among them this indebtedness of Beck. A payment was afterwards made by Beck to Hysinger upon the debt, reducing its amount. On October 18, 1890, one I. Leon brought suit against Kit-zinger & Co., and garnisheed Beck, who answered that he owed Kitzinger & Co. about $250. The garnishee summons was served upon Beck October 20, 1890. Judgment was rendered in favor of Leon against Kitzinger & Co. and against the garnishee Beck, upon his answer, for that sum. This action is brought for the use of Hysinger, assignee, to recover from Beck the balance due on his account. Beck’s defense is the judgment against him in the garnishment proceedings which he claims he has paid.
At the trial the depositions of Hysinger and Max Tuholske, salesman and assistant manager of Kitzinger & Co., were read, and Beck testified in 1ns own behalf. The testimony of Hysinger was, that immediately upon the assignment of the account to him he notified BeGk of the fact by a letter addressed and mailed to him; and Tuholske testified that Kitzinger & Co. also notified him of the assignment in the same way, on the day it was made. Beck testified that he never had any notice of the assignment. If the evidence stopped here, we would make short work of the case; but it does not, and the rest of it changes the aspect of the eontrovers)r, as will appear from a recital of portions of it.
The following is from the examination of Beck: — “ Q. I will ask you if you had any notice, prior to the service of the garnishment upon you, of any assignment of the claim of Kitzinger & Co. to Hysinger? A. None whatever. Q. Do you know the amount of the assignment? A. No, sir; I don’t know a thing about it. I never received any letter, as it is stated here, with the exception of a statement from the firm. A statement is something a business man never files, therefore I have not anything to show for it. Q. In this let *208 ter you say: “ Dear Sir: — Yours of the 14th to hand. In reply I will say that I was this day served with a writ of garnishment summons,” etc. Say whether you ever received any previous letter ? A. Just merely a statement. Q. That statement was from Mr. Hysinger? A. Yes, sir. Q. Did he say the account had been assigned to him? A. Yes, sir. Q. Did he not say anything further than-? A. I never received any notice from any of them.”
Beck also further testified that Leon and himself were on a footing of friendship, and that at the' time of the garnishment Leon owed him money. The following letter was introduced, and is evidently the one alluded to by counsel in one of the foregoing questions :—
“ Denver, Colo., Oct. 17, 1890.
“ Mr. B. Hysinger, St. Louis :
'■'■Bear Sir — Yours of the 14th to hand; In reply, will say that I was this day served with a writ of garnishee summons by Mr. I. Leon, and under the circumstances I cannot remit the amount due you until the matter is disposed of in the court here. If you can arrange with Mr. Leon to release the writ, I am ready to send the amount due.
“ Yours truly, Sim. Beck.”
Notwithstanding Beck’s denial that he ever had notice of the transfer of the account against him to Hysinger, it is very clear that he did have such notice, and that he had it before the garnishment process was served. He says that the statement sent him by Hysinger, and which it is apparent was received before the garnishment, informed him of the assignment. But if there was no evidence on the subject except the letter, the fact of notice would be quite conclusively established. That letter is in answer to one of October 14th, received by him from Hysinger; and although it is not before us, it is clear from Beck’s reply that it must have contained a dun for the money due on this account. Beck, in stating his excuse for not sending it, refers to it as “ the amount due you.” He therefore knew at that time that Hysinger was the owner of the account, and that the money was *209 due to him, and not to Kitzinger & Co. There is a peculiarity about the letter, of which-the evidence does not afford any direct explanation. He says : “ I was this day served with a writ of garnishee summons by Mr. I. Leon.” This was not true. He had not been garnisheed at that time. The action, in which garnishment issued, had not even been commenced. The action was commenced on the 18th, and the garnishment process was served on the 20th. The query is, why did he say he was garnisheed when he was not, and how did it happen that he. was able to announce a garnishment in advance of the fact? Appellant’s counsel thinks he has solved the mystery. He says : “ The truth of the matter is that Beck and Leon were standing in together, in order to get ahead of the St. Louis firm, and in utter disregard of the rights of the assignee, Hysinger; ” and it must be confessed that the evidence gives some color to the suspicion. But, be that as it may, the evidence establishes the fact of Beck’s indebtedness to Kitzinger & Co., the fact of the transfer from Kitzinger & Co. to ffysinger, and its consideration ; and the fact that Beck had notice of the assignment before summons in garnishment was served upon him. The assignment vested in Hysinger the ownership of the indebtedness ; and after notice of the assignment, Beck was the debtor of the assignee and not of the assignors. Chamberlin v. Gilman, 10 Colo. 95.
Beck, in his answer, should have stated the facts as he had been advised of them, leaving the good faith or validity of the assignment, and all other questions connected with it which affected his liability in the proceeding, for the determination of the court; and in making answer, with the notice which he had, that lie was indebted to Kitzinger & Co., he did so at his peril. The judgment which in virtue of that-answer Leon obtained against him is no defense to this action.
The judgment is reversed.

jReversed.